No. 33,313

MATILDA HAVEL, *Appellee,* v. LODIS HAVEL, *Appellant.*

(66 P. 2d 399)

Opinion filed April 10, 1937.

*N. J. Ward,* of Belleville, for the appellant.
*Frank G. Spurney,* of Belleville, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action upon a note for $2,125 and to foreclose a mortgage on a described quarter section of land given to secure its payment. The defense was that $1,200 of the note was without consideration. The trial court found for plaintiff. Defendant has appealed.

The circumstances which give rise to the defense may be stated thus: Matilda Havel and Lodis Havel for a number of years were husband and wife. She brought an action against him for divorce and procured a decree in January, 1934. At that time the parties owned the quarter section of land in controversy, which appears to have been free of encumbrance, and an 80-acre tract of land encumbered by a mortgage of $1,200. In its decree for the division of property and alimony in the divorce action the court set off to the plaintiff the 80-acre tract, to be free and clear of all encumbrances, and in addition to that gave her judgment for alimony against the defendant in the sum of $1,000 and made this a specific lien upon the quarter section of land set off to the husband. He was also adjudged to pay the costs, which included a fee for plaintiff's attorney. Execution on the judgment was stayed for ninety days. At the end of that time plaintiff caused an execution to be issued. Defendant asked for more time, and to obtain that paid enough to reduce the judgment against him to $925. When this was not paid in a reasonable time another execution was issued. The sheriff went to defendant's home and appears to have taken an inventory of his personal property there, but made no appraisement or levy, but did tell defendant not to sell any of it. The next day defendant went to plaintiff's attorney and wanted more time. He had not cleared the 80 acres of land of encumbrance. He wanted time to do that. He stated that he had tried to borrow the money on the security of his quarter section of land, but had been unable to do so. Plaintiff's attorney offered to give him more time if he would execute a note to plaintiff for $2,125, being the $925 which he had not paid on the directed judgment against him, and costs in the divorce action, and $1,200 which it would take to clear the 80 acres of encumbrance. Defendant agreed to that and executed the note, due in one year, and secured by a mortgage upon the quarter section of land. This note was not paid when due, and the action before us is upon the note and to foreclose the mortgage.

Appellant argues that the personal judgment in the divorce action did not include the amount of the mortgage on the 80 acres of land; neither was the amount of the mortgage upon the 80 acres made a lien upon the quarter section. A number of cases are cited with respect to judgments for alimony or decrees for division of property in divorce actions and the enforcement thereof. None of these cases is in point. This action is not founded upon the decree in the divorce case. It is founded upon the note and mortgage given by defendant in payment or settlement of the balance of the judgment for alimony and of his obligation and duty fixed in the divorce decree to take the encumbrance off the 80-acre tract of land. Instead of being required to do those things immediately he was given a year in which to pay the note. The plaintiff needed no mortgage to have a lien upon the quarter section for the $925. The decree in the divorce action had placed that lien, and it could have been enforced by an execution. By giving his note he had the time for that execution stayed, and as between the parties he was relieved from any payment of the mortgage on the 80-acre tract. These matters constitute ample consideration for the note and mortgage sued upon in this action.

The judgment of the court below is affirmed.